UNITED STATES of America,
Plaintiff–Appellee,

v.

Mark Raymond FORD, a.k.a. Dred,
a.k.a. Benjamin Lee Green, a.k.a. Don-
ald Wray, Defendant–Appellant.

No. 99–15208

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 25, 2001.

Gonzalo R. Andux, Jacksonville, FL, for
Defendant–Appellant.

Tamra Phipps, Tampa, FL, Peggy Mor-
ris Ronca, Asst. U.S. Atty., Jacksonville,
FL, for Plaintiff–Appellee.

Before BIRCH, CARNES and FAY,
Circuit Judges.

PER CURIAM:

In this case, appellant was convicted on
charges of conspiracy to possess with in-
tent to distribute cocaine base, possession
with intent to distribute cocaine base,
possession with intent to distribute co-
caine and possession of firearms and am-
munition by a convicted felon. Based
upon these convictions, multiple prior
drug convictions and a long history of pri-
or convictions for a variety of crimes, the
sentencing judge imposed a life sentence
as prescribed by 21 U.S.C. § 841(b).

On his direct appeal, appellant raised
five areas of attack: (1) Denial of a motion
to suppress; (2) Sufficiency of the evi-
dence; (3) Denial of a requested jury in-
struction; (4) The calculation of the
amount of drugs he was responsible for in
the sentencing, and (5) Denial of a motion

for new trial. We affirmed the convictions and sentence.

Subsequent to our affirmance, Ford filed a petition for rehearing in which he attempted to raise an issue under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He requested to file a supplemental brief in this regard. We denied these requests.

Thereafter, appellant filed a petition for a writ of certiorari in the Supreme Court and that court vacated our opinion and remanded for further consideration in light of *Apprendi.* We requested and have received supplemental briefs from the parties. Having reconsidered our decision pursuant to the instructions from the Supreme Court, we reinstate our opinion and judgment affirming the convictions and sentence.

█ In the first instance, under our clear precedent, Ford has not properly raised an *Apprendi* issue in his direct appeal. As discussed in *United States v. Ardley,* 242 F.3d 989 (11th Cir.2001), our well established rule is that issues and contentions not timely raised in the briefs are deemed abandoned. *Hartsfield v. Lemacks,* 50 F.3d 950, 953 (11th Cir.1995) ("We note that issues that clearly are not designated in the initial brief ordinarily are considered abandoned.") (quotation marks and citations omitted); *Marek v. Singletary,* 62 F.3d 1295, 1298 n. 2 (11th Cir.1995) ("Issues not clearly raised in the briefs are considered abandoned."); *Greenbriar, Ltd. v. City of Alabaster,* 881 F.2d 1570, 1573 n. 6 (11th Cir.1989). We have recently applied this rule to *Apprendi* issues. *See United States v. Nealy,* 232 F.3d 825, 830, (11th Cir.2000) ("Defendant abandoned the [*Apprendi* ] indictment issue by not raising the issue in his initial brief."). *Id.* at 989–90.

█ Assuming, for purposes of discussion only, that the *Apprendi* issues were before us, we find no merit in the conten-

tions being made. The gravamen of the argument is that the district court lacked jurisdiction to sentence appellant to life imprisonment because the indictment did not set forth the quantity of drugs involved. This contention has received consideration by our court and been rejected. *See McCoy v. United States,* 2001 WL 1131653 (11th Cir.2001). *Apprendi* claims are not jurisdictional. Ford also argues that 21 U.S.C. § 841(b)(1)(A) is facially unconstitutional but acknowledges that we have ruled to the contrary in *United States v. Candelario,* 240 F.3d 1300 (11th Cir. 2001). These arguments have been rejected most recently in *United States v. Sanchez,* 269 F.3d 1250 (11th Cir.2001)(en banc).

The earlier ruling of this court is reinstated and the convictions and sentence are AFFIRMED.